Steven P. TALARICO, Plaintiff,

and

John T. Costo, Appellant,

v.

Harvey HOFFMAN; Jerry Keller; Las Vegas Metropolitan Police Department; and Prison Health Services, Defendants–Appellees.

No. 04–15083.

D.C. No. CV–02–00173–RLH.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Oct. 27, 2005.

Robert L. Langford, John Thomas Costo, Thomas Jonell, Robert L. Langford & Associates, Las Vegas, NV, for Plaintiff.

John T. Costo, Baltimore, MD, pro se.

Seetal Tejura, David J. Mortensen, Alverson Taylor Mortensen Nelson & Sanders, Becky J. Christiansen, Peter M. Angulo, Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

Before TROTT, RYMER, and PLAGER,** Circuit Judges.

MEMORANDUM***

John T. Costo appeals from the district court's order revoking his pro hac vice status in this case. Because the underlying case has been dismissed with prejudice and the revocation of Mr. Costo's pro hac vice status was not based on grounds that could harm his professional reputation, we dismiss the appeal as moot.

Mr. Costo is an attorney who represented plaintiff Steven P. Talarico in proceed-

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable S. Jay Plager, Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This Disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ings before the United States District Court for the District of Nevada until his pro hac vice status was revoked. On February 3, 2004, after the district court had entered judgment in the case and Mr. Costo had filed his notice of appeal, the district court dismissed the case pursuant to a stipulation by the parties for dismissal with prejudice. The district court subsequently ordered that the judgment be struck from the record.

In view of the district court's dismissal order, we must determine whether there remains a live case or controversy. *Lasar v. Ford Motor Co.,* 399 F.3d 1101, 1108 (9th Cir.2005). Settlement or dismissal of the underlying case "does not preclude appellate review of an order disqualifying an attorney from further representation insofar as that order rests on grounds that could harm his or her professional reputation." *Id.* at 1109. For example, if an attorney is disqualified "on grounds of dishonesty and bad faith, the 'brand of disqualification' could well hang over his name for years to come." *Kirkland v. Nat'l Mortgage Network, Inc.,* 884 F.2d 1367, 1370 (11th Cir.1989).

The revocation of Mr. Costo's pro hac vice status in this case will have no such lingering effects. The district court withdrew its earlier order granting Mr. Costo's petition for pro hac vice status because he "contravene[d] the spirit and purpose of Local Rule IA 10–2." Although the rule in effect at the time did not on its face preclude pro hac vice status for residents of Nevada and did not limit the number of appearances a pro hac vice attorney could make, the district court nevertheless revoked Mr. Costo's status because he was a Nevada resident and had submitted eleven applications to the court seeking pro hac vice status. These are not grounds that threaten to harm Mr. Costo's professional reputation. Notably, the district court did not find that Mr. Costo acted in bad faith or violated an ethical rule.

In addition, we fail to see how revocation of Mr. Costo's pro hac vice status in this case would negatively affect any later petitions he might file for pro hac vice status in the district court. Effective March 1, 2004, the district court revised its Local Rule IA 10–2, which now prohibits Nevada residents from receiving pro hac vice admission and provides that repeated appearances under the rule shall be cause for denial of a petition. Should Mr. Costo seek pro hac vice status in a future case, he would have to satisfy the requirements of the revised rule at that time.

For these reasons, there is no live case or controversy, and there is no meaningful relief that this court can provide. Accordingly, we dismiss the appeal as moot. *See Lasar,* 399 F.3d at 1108.

DISMISSED.